**Wayne KIESER, Petitioner–Appellant,**

v.

**The PEOPLE of the STATE OF NEW YORK, Respondent–Appellee.**

**No. 1568, Docket 94–2655.**

United States Court of Appeals, Second Circuit.

Argued May 25, 1995.

Decided June 2, 1995.

Darrell B. Fields, New York City (The Legal Aid Soc., Federal Defender Div., Appeals Bureau, New York City, on the brief), for petitioner-appellant.

Sharon Y. Brodt, Asst. Dist. Atty., Kew Gardens, NY (Richard A. Brown, Dist. Atty., Queens County, Steven Chananie, John M. Castellano, Asst. Dist. Attys., Kew Gardens, NY, on the brief), for respondent-appellee.

Before: KEARSE, CALABRESI, and CABRANES, Circuit Judges.

PER CURIAM:

Petitioner Wayne Kieser, convicted of grand larceny in New York State court, appeals from a judgment of the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge,* dismissing his petition for a writ of habeas corpus. On appeal, Kieser pursues his

claims that he was denied the effective assistance of trial counsel principally because (a) counsel was not admitted to practice law in New York, and (b) counsel failed to make certain objections during trial. For the reasons below, we affirm the judgment.

██ During the arraignment and trial stages of the New York State prosecution, Kieser was represented by Kenneth Yates. Yates was a member of the bar of the State of New Jersey. When Kieser was arraigned, Yates had been temporarily suspended from practice in New Jersey for failure to pay his state bar dues. He subsequently made the required payments and, prior to Kieser's criminal trial, was reinstated to practice in New Jersey. Yates did not, however, make a motion in the New York court to be admitted *pro hac vice* for the purpose of representing Kieser. Kieser contends that Yates's suspension at the time of Kieser's arraignment and Yates's failure ever to move for admission *pro hac vice* in New York constitute a *per se* violation of Kieser's Sixth Amendment right to counsel. We disagree.

As this Court has discussed in *United States v. Novak*, 903 F.2d 883, 888 (2d Cir. 1990), *Solina v. United States*, 709 F.2d 160, 167 (2d Cir.1983), and *Waterhouse v. Rodriguez*, 848 F.2d 375, 382–83 (2d Cir.1988), *cert. denied*, 493 U.S. 1003, 110 S.Ct. 564, 107 L.Ed.2d 558 (1989), not every technical defect in the licensed status of a defendant's representative amounts to a violation of the Sixth Amendment. Where the defendants' attorneys have been suspended for merely technical reasons such as nonpayment of bar dues, the courts have ruled these grounds insufficient to warrant a conclusion of *per se* violation of the right to counsel. *See, e.g., People v. Medler*, 177 Cal.App.3d 927, 930–31, 223 Cal.Rptr. 401, 402–03 (1986); *Johnson v. State*, 225 Kan. 458, 590 P.2d 1082, 1086–87 (1979); *Hill v. State*, 393 S.W.2d 901, 904 (Tex.Crim.App.1965). Where the attorney has duly qualified and been admitted to practice in another jurisdiction but fails either to seek admission *pro hac vice* or to follow local court rules, the violation is a technical defect that does not represent a Sixth Amendment violation. *See, e.g., United States v. Bradford*, 238 F.2d 395, 397 (2d Cir.1956) (no *per se* Sixth Amendment violation where attorney was duly admitted to state court but had failed to seek admission to federal court), *cert. denied*, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957); *People v. Cornwall*, 3 Ill.App.3d 943, 277 N.E.2d 766, 767–68 (1971) (same where out-of-state attorney had failed to seek admission *pro hac vice* ); *State v. White*, 101 N.M. 310, 681 P.2d 736, 739 (Ct.App.1984) (same where duly admitted out-of-state attorney failed to comply with local rules requiring that he be accompanied by local counsel).

Kieser has not shown a defect of constitutional dimension. His attorney was duly admitted to practice in New Jersey. The attorney's temporary suspension (which ended prior to his representation of Kieser at trial) for failure to pay dues, and his failure upon reinstatement to move in the New York court for admission *pro hac vice*, were technical defects that did not violate Kieser's Sixth Amendment rights. Kieser argues, relying on cases such as *United States v. Cancilla*, 725 F.2d 867 (2d Cir.1984), that since practicing law in New York without being admitted in New York constitutes a state-law crime, an unadmitted attorney who represents a defendant in a criminal case renders assistance that is ineffective *per se*. His reliance is misplaced. That line of cases dealt with attorneys who may have committed offenses that were related to the offenses of which their clients were accused. *See, e.g., United States v. Fulton*, 5 F.3d 605, 609–12 (2d Cir.1993) (*per se* rule applies where "the attorney's criminal conduct is related to the charged crime"). In cases involving a substantive failure to obtain a license to practice law, we have expressed concern that, because the unlicensed practice of law is a misdemeanor in New York, an unlicensed "attorney" may fail to present a vigorous defense for fear of being discovered and subjected to criminal sanctions. *See Solina v. United States*, 709 F.2d at 164. But we have never suggested that this concern is sufficient, standing alone, to invoke a *per se* rule in cases involving a technical flaw such as nonpayment of bar dues or failure to move for *pro hac vice* admission. Indeed, the *Solina* court, while acknowledging that the unlicensed practice of law was a crime, was

careful to limit the *per se* rule to "situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character." *Id.* at 167. We conclude that the claim that Kieser's constitutional rights were violated by the representation itself has no merit.

■■■ Kieser also contends that his Sixth Amendment rights were violated because Yates's performance at trial was so poor as to constitute ineffective assistance. Again, we are unpersuaded. In order to make out such a claim, a claimant must show both (1) that his attorney's performance fell below an "objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Actions or omissions by counsel that " 'might be considered sound trial strategy' " do not constitute ineffective assistance. *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

Given the nature of Kieser's defense and the strength of the evidence against him, we conclude that the *Strickland* test has not been met. Some of the omissions that Kieser now criticizes were undoubtedly tactical. For example, counsel's failure to object to questions that forced Kieser to characterize a key prosecution witness as a liar was consistent with, and likely in furtherance of, the defense position that the witness was in fact lying. To the extent that other valid objections were available and were not likely to have been forgone for strategic reasons, we are nonetheless unable to conclude that there is any reasonable probability that voicing those objections would have affected the jury's verdict.

We have considered all of Kieser's arguments on this appeal and have found them to be without merit.

The judgment dismissing the petition is affirmed.