101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John VALENTI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2102.
 United States Court of Appeals,
Second Circuit.
 July 11, 1996.
 
 John Valenti, pro se, Lodi, NJ, for Appellant.
 Louis Liman, Assistant United States Attorney for the Southern District of New York, New York City, for Appellee.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued.
 Petitioner-appellant John Valenti appeals pro se from an order of the United States District Court for the Southern District of New York (Patterson, J.) denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence.
 
 
 1
 From 1982 to 1992, Valenti was the treasurer of Caravanserai Owners Association (the "Association"), an organization of approximately 40 United States residents who owned apartments in the Caravanserai Hotel on the Dutch portion of the island of St. Maarten. The Association had a checking account in its name at Chase Manhattan Bank ("Chase") in New York. As treasurer, Valenti had authority to issue checks, on his own signature, only for amounts up to $1000.
 
 
 2
 In December of 1992, Valenti was charged with interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2. At his trial, the government presented evidence that, between April of 1991 and May of 1992, Valenti wrote 65 checks on the Association's account, totalling over $63,000, either to himself or to his wife. Each check was payable in an amount slightly less than $1000. Valenti deposited most of these checks into his personal bank account in New Jersey, and he deposited the other checks into a personal account that he maintained with his wife at Chase.
 
 
 3
 After the jury returned a guilty verdict, Valenti was sentenced to a 24-month term of imprisonment, a three-year term of supervised release, a $50 special assessment, and restitution in the amount of $122,466. On appeal, we affirmed the judgment of the district court. United States v. Valenti, 60 F.3d 941 (2d Cir.1995).
 
 
 4
 In November of 1995, Valenti moved pro se in the district court, pursuant to § 2255, to vacate his conviction. Valenti argued that he was denied his Sixth Amendment right to effective assistance of counsel. On January 11, 1996, the district court denied the motion. This appeal followed.
 
 
 5
 Valenti here argues that the district court erred in denying his § 2255 motion, repeating his contention that his Sixth Amendment right to effective assistance of counsel was violated. We disagree.
 
 
 6
 In order to establish a claim of ineffective assistance, "a claimant must show both (1) that his attorney's performance fell below an 'objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Kieser v. New York, 56 F.3d 16, 18 (2d Cir.1995) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). This Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that there are countless ways to provide effective assistance in any given case and that even the best criminal defense attorneys would not defend a particular client in the same way." United States v. Aguirre, 912 F.2d 555, 560 (2d Cir.1990) (quotations and alterations omitted). We also have stated that "[t]he failure to make a meritless argument does not rise to the level of ineffective assistance." United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.), cert. denied, 116 S.Ct. 330 (1995).
 
 
 7
 In arguing that his counsel's performance fell below an "objective standard of reasonableness," Valenti claims that his counsel was ineffective in several ways. First, Valenti contends that his counsel was ineffective in failing to request production of a copy of the by-laws of the Association, which Valenti states would have shown that he had the authority to write checks in the amount of $1,000 or less without the signature of another officer. However, it was not disputed at trial that Valenti had the authority to issue, on his own signature, checks payable in such amounts. Accordingly, his counsel's failure to request production of documents that demonstrated this undisputed fact was reasonable.
 
 
 8
 Valenti also contends that his counsel erred in failing to introduce evidence that the Association was a foreign entity in order to support a defense that Valenti did not violate 18 U.S.C. § 2314. Valenti relies on the part of § 2314 that provides: "This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation ... of an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government." (Emphasis added). However, evidence at trial showed that Valenti embezzled United States dollars rather than funds that had been issued by a foreign government. Because evidence that the Association was a foreign entity would not exclude Valenti's conduct from the scope of § 2314, his counsel's failure to introduce such evidence was reasonable.
 
 
 9
 In addition, Valenti argues that the performance of his counsel was deficient for failure to move for a downward departure from the sentence fixed by the United States Sentencing Guidelines. Valenti's counsel did move for a downward departure under U.S.S.G. § 5K2.0, but the district court denied the motion. Valenti does not show that any other Guidelines provision would have applied. Therefore, we reject Valenti's argument that his counsel erred in failing to move for a downward departure based on a Guidelines provision other than § 5K2.0.
 
 
 10
 We have considered Valenti's remaining contentions, and we find them all to be without merit.