**Alvin BROWN, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.**

**No. 05–1359–PR.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Malancha Chanda, Assistant Attorney General (Eliot Spitzer, Attorney General for the State of New York, Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), New York, NY, for Respondent–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DAVID G. TRACER, District Judge.[1]

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED.**

Petitioner–Appellant Alvin Brown ("Brown") appeals from a judgment entered on December 14, 2004, in the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although the District Court denied Brown's petition in its entirety, it granted a certificate of appealability on the issue of whether Brown was denied his Sixth Amendment right to counsel because his counsel, a law school graduate awaiting admission to the bar, had left the line-up

before all eighteen witnesses viewed it, and whether, if such denial of counsel occurred, the admission of the line-up identification testimony was harmless error. Whether the trial court erred by admitting the line-up identification testimony is the only issue before us.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

We review *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. *See Anderson v. Miller,* 346 F.3d 315, 324 (2d Cir.2003). Under 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1216, we may only grant relief to Brown if the decision of the Appellate Division rejecting Brown's Sixth Amendment claims "involved an *unreasonable* application of [ ] clearly established Federal law, as determined by the Supreme Court of the United States ... [or] resulted in a decision that was based on an *unreasonable* determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (emphasis added).

It is uncontested that Brown had a Sixth Amendment right to the presence of counsel during his line-up. *See United States v. Wade,* 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, Brown does not identify any Supreme Court precedent holding that representation by a person who has graduated law school and passed the bar exam but is still awaiting admission to the bar constitutes an actual or constructive denial of the right to counsel. Our own case law suggests the opposite. *See, e.g., Kieser v. New York,* 56 F.3d 16, 17 (2d Cir.1995) (observing that "not every technical defect in the licensed

---

1. The Honorable David G. Trager, United States District Judge, Eastern District of New York, sitting by designation.

status of a defendant's representative amounts to a violation of the Sixth Amendment"); *Solina v. United States,* 709 F.2d 160 (2d Cir.1983) ("[W]e do not intimate that any technical defect in the licensed status of a defendant's representative would amount to a violation of the Sixth Amendment. We limit our decision in this case to situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability.").

In addition to being unlicensed, Williams was present for only the first six of eighteen line-ups. The Supreme Court has not clearly determined at what point in a line-up proceeding a defendant's right to counsel ends. In *United States v. Tolliver,* 569 F.2d 724, 727 (2d Cir.1978), we held that a defendant's right to counsel is satisfied when his attorney is present throughout the witness's viewing of the line-up, but does not observe the witness making his identification. However, we have not addressed a case in which a defendant's counsel was present for only part of the witnesses' viewing of the line-up.

We need not decide whether the state court's application of Supreme Court precedent on either issue was reasonable. Even assuming that William's status and her absence for the majority of the line-up proceeding deprived Brown of his Sixth Amendment rights, that error was harmless in light of the overwhelming evidence establishing Brown's guilt. *See Meadows v. Kuhlmann,* 812 F.2d 72, 76 (2d Cir.1987) (applying harmless error analysis to unconstitutional denial of counsel at line-up). That evidence included photographic identifications of Brown by the victims, made prior to the line-up; in-court identifications by the victims; fingerprint evidence; and the discovery of Brown's birth certificate at the scene of one of the crimes.

We have not previously answered the question of the appropriate standard to apply, in post-AEDPA habeas review, in determining whether an error is harmless when, as here, the state court did not engage in harmless error analysis. *See Benn v. Greiner,* 402 F.3d 100, 105 (2d Cir.2005) (discussing potentially applicable standards). We do not need to reach that issue here. Whatever errors there may have been in Brown's line-up, those errors (if any) were harmless beyond a reasonable doubt, and thus even the "more defendant-friendly *Chapman [v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)] standard," *id.,* is met.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**