24-2864
*Tucker v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––

SCOTT TUCKER,

> *Petitioner-Appellant,*

> v.                                                  No. 24-2864

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

––––––––––––––––––––––––––––––––––––––

| | |
|---|---|
| **For Petitioner-Appellant:** | BENJAMIN A. SILVERMAN, Law Office of Benjamin Silverman, New York, NY. |
| **For Respondent-Appellee:** | MICAH F. FERGENSON, (James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 28, 2024 order of the district court is **AFFIRMED**.

Scott Tucker – who is serving a 200-month sentence following his conviction after trial on charges including racketeering, fraud, and money laundering – appeals from the district court's denial of his motion to vacate his conviction under 28 U.S.C. § 2255 and his motion for a sentence reduction under 18 U.S.C. § 3582. Specifically, Tucker contends that he is entitled to a new trial because his court-appointed defense lawyer, Lee Ginsberg, labored under an unwaivable *per se* conflict of interest when, "at the time of Tucker's trial," he became the subject of an investigation by prosecutors from the United States Attorney's Office for the Southern District of New York, "the same entity that was prosecuting Tucker."

2

Dist. Ct. Doc. No. 487 at 21. He also argues that the district court abused its discretion when it declined to grant his request for compassionate release in light of his mother's illness. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Tucker's Counsel Did Not Labor Under an Unwaivable Conflict.

The sole issue on appeal with respect to the denial of Tucker's section 2255 petition is the one for which we issued a certificate of appealability – namely:

> Whether an unwaivable conflict was presented where [one of] Petitioner's appointed trial counsel engaged in a proffer session with members of the same United States Attorney's Office that was prosecuting Petitioner, about two weeks into Petitioner's trial, because trial counsel faced potential criminal exposure for matters not related to the charges against Petitioner, and the District Court did not appoint Petitioner independent counsel for the *Curcio* hearing.

App'x at 266.[1] Because the "question[] authorized by the certificate of appealability" is a question "of law," "we review [it] *de novo*." *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001).

---

[1] In his briefs, Tucker advances additional arguments concerning the denial of his section 2255 motion, such as that the waiver of the conflict was not knowing and voluntary. But we have repeatedly held that "we do not have jurisdiction to review" any "claim [that] was not included in the certificate of appealability." *Hines v. Miller*, 318 F.3d 157, 162 (2d Cir. 2003); *see also, e.g.*, *Smaldone v. Senkowski*, 273 F.3d 133, 139 (2d Cir. 2001) ("This Court has interpreted [section] 2253's requirement to preclude consideration of issues outside the certificate of appealability."); *accord*

Tucker argues that Ginsberg's meeting with prosecutors mid-way through Tucker's trial created a *per se* – and therefore unwaivable – conflict of interest. Tucker Br. at 29–31. During that meeting, Ginsberg revealed to government attorneys that he had "been the victim of a sophisticated extortionate blackmail scheme" unrelated to Tucker's crimes, and it soon became apparent that Ginsberg himself faced "the possibility of criminal exposure . . . which might lead [him] to curry favor with the government." App'x at 73–74.

We have long held that *per se* conflicts of interest "are limited to situations where [1] trial counsel is not authorized to practice law or [2] is implicated in the very crime for which his or her client is on trial." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000) (citations omitted). Tucker does not argue that his lawyer was unlicensed or that he participated in Tucker's crimes. Instead, he contends that we should expand the list of *per se* conflicts to include situations like this one, in which Ginsberg might have been tempted to curry favor with the U.S. Attorney's Office that was simultaneously prosecuting Tucker and investigating Ginsberg. But we previously rejected this argument in *United States v. Fulton*,

28 U.S.C. § 2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required" for appellate review.). Accordingly, we review the denial of Tucker's section 2255 motion "only" on the question of "[w]hether an unwaivable conflict was presented" during Tucker's trial. App'x at 266.

4

explaining that, for the *per se* rule to apply, "the attorney's alleged criminal activity *must be sufficiently related to the charged crimes* to create a real possibility that the attorney's vigorous defense of his client will be compromised." *United States v. Fulton*, 5 F.3d 605, 611 (2d Cir. 1993) (emphasis added).

Indeed, this Court has not found a *per se* conflict even when a defendant's lawyer (i) had been convicted of a crime and was awaiting sentencing in the same district as the defendant, and (ii) was also under grand jury investigation by the same U.S. Attorney that was prosecuting the defendant. *United States v. Levy*, 25 F.3d 146, 157 n.8 (2d Cir. 1994).

More broadly, we have consistently "refus[ed] to extend [our] *per se* rule 'beyond the sort of egregious conduct'" found in the two circumstances described above. *Armienti*, 234 F.3d at 823–24 (quoting *Waterhouse v. Rodriguez*, 848 F.2d 375, 383 (2d Cir. 1988)); *see also United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001) ("[W]e have limited *per se* conflicts to [the] two instances" identified above); *United States v. Rondon*, 204 F.3d 376, 379–80 (2d Cir. 2000) ("[W]e have had many occasions to consider whether circumstances warrant" recognizing new *per se* conflicts, and "[i]n *every* other situation, we have refused to" do so (emphasis added)); *Kieser v. People of State of N.Y.*, 56 F.3d 16, 17–18 (2d Cir. 1995) (observing

that our Court "was careful to limit the *per se* rule to situations where" a defense lawyer was never admitted to the bar (internal quotation marks omitted)); *Fulton*, 5 F.3d at 611 ("In this circuit, we have held that there is an actual or constructive denial of the assistance of counsel, and, as such, a *per se* violation of the Sixth Amendment in two limited circumstances." (internal quotation marks and citation omitted)); *United States v. Aiello*, 900 F.2d 528, 531 (2d Cir. 1990) ("[W]e have recently refused an invitation to extend the parameters of the *per se* rule beyond the sort of egregious conduct present in" the two circumstances identified above, and "we must again decline such an invitation." (internal quotation marks omitted)).

We have recognized, to be sure, that a conflict is unwaivable when it "is analogous to [a *per se*] conflict in 'breadth and depth'" such "that 'no rational defendant . . . would have knowingly and intelligently desired that attorney's representation.'" *United States v. Perez*, 325 F.3d 115, 125, 127 (2d Cir. 2003) (alteration adopted) (first quoting *Fulton*, 5 F.3d at 611–13; and then quoting *United States v. Schwarz*, 283 F.3d 76, 96 (2d Cir. 2002)). But the situation here is hardly "analogous" to the *per se* conflicts described above. To the contrary, the conflict

6

asserted by Tucker is on a par with – or less serious than – the conflict that was deemed waivable in *Levy.*

Moreover, the suggestion that Tucker was denied independent *Curcio* counsel is belied by the record, which makes clear that he was represented by conflict-free counsel – James Roth – who had a deep knowledge of the case and was counsel of record (along with Ginsberg) at trial. Nothing in our caselaw implies that a district court must appoint new counsel who is wholly unfamiliar with the facts and history of the case to conduct a *Curcio* hearing when a qualified lawyer without conflict is already serving in that role. We have merely required conflict-free counsel who can help the client assess the nature of the conflict and the risks associated with waiving that conflict. That is precisely what happened here, and Tucker makes no attempt to argue that Roth suffered from the same conflict facing Ginsberg. *See* App'x at 83–90 (Tucker: "Judge, the conflict is Lee [Ginsberg]'s going to be cooperating with the government in the same office that is . . . prosecuting me," and "and I'm satisfied that [Ginsberg and Roth are] going to represent me with the highest level of integrity."); *see also id.* at 91 (Court: "Are

7

you willing to go forward with Mr. Ginsberg as trial counsel despite the conflicts I've described today?"; Tucker: "Absolutely, nonnegotiable.").[2]

For these reasons, we decline to depart from our long-established precedents concerning *per se* conflicts – or their "analog[s]," *Perez*, 325 F.3d at 125 – and thus affirm the district court's denial of Tucker's section 2255 motion.

## II. The District Court Did Not Abuse Its Discretion in Denying Tucker's Motion for Compassionate Release.

Tucker also appeals the district court's denial of his motion for a sentencing reduction pursuant to section 3582. "We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

---

[2] Tucker contends that Roth may have been separately conflicted because Ginsberg's removal would oblige Roth to shoulder the remainder of the trial alone. But Roth did not indicate any incapacity; and although the jury was empaneled, Roth could have requested a brief adjournment had he needed one. In any event, the altered division of labor that would have resulted from Ginsberg's removal as co-trial counsel certainly does not present a conflict of such "breadth and depth" "that no rational defendant . . . would have knowingly and intelligently desired that attorney's representation." *See Perez*, 325 F.3d at 125, 127 (internal quotation marks omitted). In fact, Tucker waived any conceivable conflict with alacrity.

Under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a previously imposed sentence of imprisonment only upon a finding that the defendant has established that (1) "extraordinary and compelling reasons warrant such a reduction," *Keitt*, 21 F.4th at 71 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)), and (2) the reduced sentence is consistent with "the factors set forth in [18 U.S.C. §] 3553(a)," 18 U.S.C. § 3582(c)(1)(A). Because extraordinary and compelling circumstances *and* a favorable assessment of the section 3553(a) factors are required, a district court may deny relief on either ground, without reaching the other. *See Halvon*, 26 F.4th at 571. And we have made clear that district courts have "broad discretion" in deciding whether the section 3553(a) factors warrant a reduction. *See United States v. Williams*, 102 F.4th 618, 624 (2d Cir. 2024) (internal quotation marks omitted).

On appeal, Tucker argues that the district court failed to accord "sufficient" weight to his conditions of confinement, his rehabilitation while incarcerated, and "his need to provide care for his mother." Tucker Br. at 52–54. But "[m]ere disagreement with how the district court balanced the [section] 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at

569 (internal quotation marks omitted). The record clearly shows that the district court reasonably considered the section 3553(a) factors as applied to the facts before it. The district court assigned significant weight to the fact that Tucker had "engaged in fraud schemes for much of his adult life," that he had two prior convictions for fraud before commencing the conduct for which he was convicted at trial, that he had a "demonstrated history of intransigence toward courts and regulatory authorities," and that he showed a marked "unwillingness to acknowledge responsibility for the unlawful character of his lending scheme." App'x at 264–65. In light of these findings, the district court concluded that any reduction in Tucker's sentence would be inconsistent with the section 3553(a) factors – most particularly, the need "to protect the public from the defendant, promote respect for the law and advance just punishment." *Id.* at 265. We see no basis for disturbing that conclusion.

Because Tucker identifies no facts that the district court overlooked and fails to show that the district court "rendered a decision that cannot be located within the range of permissible decisions," *Saladino*, 7 F.4th at 122, we affirm the district court's denial of Tucker's section 3582 motion.

*       *       *

10

We have considered Tucker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11