United States v. Mack

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > Circuit Judges.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                    11-5289

JAMES MACK, AKA KIKO,

> *Defendant-Appellant*.

_____

**FOR APPELLEE:**                    ELIZABETH S. RIKER (Carla B. Freedman, <u>on the brief</u>) <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:** BRIAN SHEPPARD, Law Office of Brian Sheppard, New Hyde Park, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant James Mack appeals from the district court's sentence of 77 months of incarceration for possession with intent to distribute crack. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Mack argues that it was error under Sentencing Guidelines Section 1B1.3 to consider as relevant conduct his attempt to purchase more than 500 grams of cocaine 14 months prior to his crack arrest. Mack did not present this argument to the district court, and it is therefore reviewed for plain error. <u>United States v. Cossey</u>, 632 F.3d 82, 86–87 (2d Cir. 2011). "To establish plain error, the Court must find (1) an error, (2) that is plain, (3) that affects substantial rights." <u>United States v. Doe</u>, 297 F.3d 76, 82 (2d Cir. 2002).

"Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required." U.S.S.G. § 1B1.3 cmt. 9(B).

At sentencing, the district court found, in conclusory fashion, that the allegations involving the cocaine charge "are connected to and part of the same type of conduct that the defendant was arrested for . . . [i]t is clear that it is the relevant conduct that must be considered." Sentencing Hr'g Tr. at 12-13, ECF No. 78.

2

Viewing the cocaine and crack incidents alone, it is difficult to see how the court could reasonably have found either sufficient proximity or regularity to support a relevant conduct enhancement.  The 14-month gap exceeds the proximity parameters referenced in United States v. Santiago, 906 F.2d 867, 872 (2d Cir. 1990) ("8-14 months" was "considerably longer than the periods involved in most of our prior cases construing the Guidelines").  And it is hard to detect "regularity" in the two isolated incidents.  While the similarity factor is supported by Mack's possession with intent to distribute two related narcotics, see United States v. Burnett, 968 F.2d 278, 280 (2d Cir. 1992), it is an insufficient similarity to compensate for the absence of the other two factors, see U.S.S.G. § 1B1.3 cmt. 9(B).

Nevertheless, there was no plain error in this case.  The district court could have referenced Mack's glaring admission that "[h]e started selling drugs when he was younger with neighborhood friends" and "typically sold eightball to one-fourth ounce quantities of crack [earning] about $200 per week."  Pre-Sentence Report ¶ 17, ECF No. 59 (the district court adopted the findings of the PSR during the sentencing colloquy).  Such admissions to probation officers may be used to estimate drug trafficking history for purposes of determining relevant conduct.  See United States v. Colon, 961 F.2d 41, 43 (2d Cir. 1992).  Mack's admission clearly supports the requisite U.S.S.G. § 1B1.3 regularity factor missing from the district court's relevant conduct analysis.  For that reason, the relevant conduct enhancement was not plain error.

We have considered all of Mack's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

                       FOR THE COURT:
                       Catherine O'Hagan Wolfe, Clerk