**UNITED STATES of America**

v.

**James MACK, also known as Kiko, Petitioner–Defendant.**

**No. 5:09–CR–688.**

United States District Court,
N.D. New York.

Signed April 14, 2014.

---

Office of Brian Sheppard, New Hyde Park, NY, of Counsel, Brian Sheppard, Esq., for Petitioner–Defendant.

Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, of Counsel, Carla B. Freedman, Esq., Assistant United States Attorney.

### MEMORANDUM—DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

Defendant James Mack ("Mack" or "defendant") brings this motion pursuant to 28 U.S.C. § 2255 seeking a vacatur of his sentence, re-sentencing, and a clarification of any off-the-record determinations made regarding his statements to the Probation Department. The United States of America ("the Government") opposes and defendant has replied. The motion was considered without oral argument.

## II. FACTUAL BACKGROUND

On April 7, 2010, a three-count superseding indictment was filed in the Northern District of New York charging Mack with: (1) Conspiring to posses with intent to distribute and distribute 500 grams or more of a mixture and substance containing cocaine between August 2008 and April 2009 ("Count 1"); (2) attempting to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine between October 8 and October 9, 2008 ("Count 2"); and (3) possession with intent to distribute five grams or more of a mixture or substance containing cocaine base on December 17, 2009 ("Count 3"). On February 8, 2011, defendant pled guilty to Count 3 with the understanding that Counts 1 and 2 would be dismissed. At this time, defendant was represented by attorney Jeffrey Parry ("Attorney Parry").

On December 12, 2011, a sentencing hearing was held at which Mack was represented by Attorney Parry. The Government contended at the hearing, and in its sentencing memorandum, that the appropriate sentencing range was seventy-seven to ninety-six months; whereas defendant claimed the appropriate range was thirty-

three to forty-one months. Defendant argued that the possession of cocaine as charged in Counts 1 and 2 of the superseding indictment, which had been dismissed, could not be considered during sentencing. Sheppard Decl., Ex. 4, ECF No. 84–6, 2 (Def.'s Sentencing Mem.). The Government disagreed, asserting that conduct related to Counts 1 and 2 constituted relevant conduct which should be considered when determining the proper guideline range. Sheppard Decl., Ex. 5, ECF No. 84–7, 6–10 (Sentencing Hr'g Tr.).

At sentencing, it was found that the attempted possession of cocaine between October 8 and 9, 2008, as described in Count 2, constituted relevant conduct. Accordingly, the guideline imprisonment range became seventy-seven to ninety-six months. *Id.* at 14. Mack was sentenced to a term of imprisonment of seventy-seven months on Count 3, and the other counts were dismissed.

Attorney Parry filed a notice of appeal on behalf of defendant on December 19, 2011. On October 29, 2012, Attorney Parry moved, before the United States Court of Appeals for the Second Circuit, to be relieved as counsel for Mack, stating that he did not believe the grounds upon which he had intended to appeal were meritorious. *See* Sheppard Decl., Ex. 6, ECF No. 84–8. On November 9, 2012, attorney Brian Sheppard ("Attorney Sheppard"), who represents Mack on the instant motion, was substituted as appellate counsel. On February 11, 2013, Attorney Sheppard filed an appellate brief in the Second Circuit, arguing that the court erred by failing to take into account amendments to the Sentencing Guidelines Commentary ("Commentary") concerning relevant conduct when determining the appropriate guideline sentencing range. *See* Sheppard Decl., Ex. 7, ECF No. 84–9.

On May 14, 2013, the Second Circuit issued a Summary Order affirming Mack's conviction and sentence. *United States v. Mack,* 524 Fed.Appx. 756 (2d Cir.) (summary order), *cert. denied,* —— U.S. ——, 134 S.Ct. 705, 187 L.Ed.2d 568 (2013). The Second Circuit found that although "[v]iewing the cocaine and crack incidents alone, it is difficult to see how the court could reasonably have found either sufficient proximity or regularity to support a relevant conduct enhancement ... there was no plain error in this case." *Id.* at 757. It further noted that defendant's admission to probation officers that he had sold crack since he was younger could have been relied upon to establish the regularity prong of the relevant conduct test.

Defendant now brings this § 2255 motion seeking re-sentencing.

### III. *DISCUSSION*

Mack contends that Attorney Parry's assistance of counsel was ineffective because: (1) He failed to preserve the relevant conduct issue for appeal; (2) he failed to highlight amendments to the Commentary concerning relevant conduct; (3) he permitted defendant to tell the probation department that he sold crack daily over an extended period of time; and (4) he failed to ensure the record was clear that defendant's statement was merely meant to reflect his bad childhood. The Government argues that: (1) Mack suffered no prejudice from counsel's failure to preserve the relevant conduct issue; (2) defendant's claim that his counsel failed to highlight amendments to the Commentary failed to present a specific and cogent argument; (3) defense counsel made a reasonable strategic decision to allow Mack to make admissions to the probation officer to show he accepted responsibility for his conduct and that he suffered a terrible

childhood, warranting mitigation under 18 U.S.C. § 3553(a)(1); and (4) defendant's counsel did not err by failing to clarify admissions made to probation because the admission did not become relevant until after appeal.

### A. *Ineffective Assistance of Counsel—Legal Standard*

To establish that Attorney Parry's assistance of counsel was ineffective, Mack must show: "(1) that his attorney's performance fell below an 'objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir.1995) (per curiam) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a "strong presumption" that counsel's assistance was reasonable, and "every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. With regard to the prejudice prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

### B. *Relevant Conduct*

Mack contends that Attorney Parry acted unreasonably in failing to argue the relevant conduct issue at the sentencing hearing, thus failing to preserve it for appeal. Specifically, defendant claims that the relevant conduct issue had not only a "reasonable probability of success," but was "extremely strong," and that his failure to raise the issue was enhanced by his decision to pursue other, allegedly frivolous, arguments. Def.'s Mem. Supp. Mot., ECF No. 84–1, 10–11. According to defendant, the determination that the conduct alleged in Count 2 constituted relevant conduct without consideration of amendments to the Commentary "was patently erroneous and obviously prejudicial to Defendant." *Id.* at 12. The Government contends that defendant was not prejudiced by Attorney Parry's failure to raise and preserve the relevant conduct issue because the Second Circuit addressed the issue on appeal.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. In this case, to increase efficiency, the prejudice prong will be addressed first. *See id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Mack claims that Attorney Parry's failure to argue that it was a procedural error to consider his attempt to purchase cocaine in October 2008 as relevant conduct at sentencing resulted in an excessive guideline sentence. He further claims that, as this issue was not preserved for appeal, the Second Circuit reviewed the guideline calculation under a less favorable standard. If the issue had been preserved, it would have been reviewed "for abuse of discretion, a standard that incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines)." *United States v. Feldman*, 647 F.3d 450, 460 (2d Cir.2011) (internal quotation marks omitted). Since the issue was not preserved, the Second Circuit reviewed the guideline calculation under a plain error standard of review. *Mack*, 524 Fed. Appx. at 757.

■ Even assuming, arguendo, that Attorney Parry's assistance was ineffective, Mack cannot establish that he was prejudiced by his counsel's actions. As explained below, a de novo review of the defendant's sentence, considered in light of amendments to the Commentary regarding relevant conduct, reveals that the conduct alleged in Count 2 was in fact relevant conduct which was appropriately considered in the calculation of his guideline sentence range.

"Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S. Sentencing Guidelines Manual § 1B1.3 cmt. 9(B). In determining whether conduct is relevant to the offense of a conviction, courts must consider: (1) the similarity of the offenses; (2) the regularity of the offenses; and (3) the proximity of the offenses. *Id.*

> When one of the above factors is absent, a stronger presence of at least one of the other factors is required. For example, where the conduct alleged to be relevant is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity.

*Id.*

■ On appeal, the Second Circuit found that, viewing the conduct defined in Count 2 and the conduct of the offense of conviction (Count 3) alone, it was difficult to see how the proximity or regularity factors could be supported. Although the Second Circuit suggested the fourteen-month gap between the conduct constituting Count 2 and the conduct comprising Count 3 does not support a finding of sufficient proximity, it has been suggested that related acts occurring within a one-year period are sufficiently proximate. *United States v. Burnett*, 968 F.2d 278, 280 (2d Cir.1992) ("[Defendant's] participation in two narcotics transactions during the same year as the offense of conviction has sufficient similarity and temporal proximity to the marijuana offense to constitute such a pattern of behavior."). Additionally, the Fifth Circuit has held that the proximity factor could be satisfied where two offenses occurred eighteen months apart. *See United States v. Miller*, 179 F.3d 961, 966 n. 10 (5th Cir.1999). Regardless, "whether two or more transactions may be considered part of the same course of conduct is not determined by temporal proximity alone." *United States v. Santiago*, 906 F.2d 867, 872 (2d Cir. 1990).

■ "The 'same course of conduct' concept ... looks to whether the defendant repeats the same type of criminal activity over time." *United States v. Perdomo*, 927 F.2d 111, 115 (2d Cir.1991) (superseded by regulation as stated in *United States v. McKay*, 183 F.3d 89 (2d Cir. 1999)). The acts need not be part of an "overall criminal scheme," rather the inquiry focuses on whether defendant's conduct consists of "an identifiable behavior pattern of specified criminal activity." *Id.* (internal quotation marks and citation omitted). The conduct alleged in Count 2 fits precisely into an identifiable pattern of drug dealing engaged in by defendant and thus constitutes relevant conduct for purposes of the calculation of his guideline sentence.

Although the proximity factor may be tenuous, as noted by the Second Circuit, a stronger presence of the similarity and regularity factors is evident. Both the offense of conviction and the conduct referenced in Count 2 arose from the defen-

dant's involvement in the possession and distribution of narcotics. Clear evidence that he engaged in this type of conduct with regularity can be found by examining his criminal history as outlined in the presentence report ("PSR"), which was adopted at sentencing. Defendant's first felony conviction relating to the sale of cocaine resulted from his possession of 4.9 grams of cocaine and a digital scale on October 6, 2000. Presentence Report, ECF No. 59, ¶ 35. His possession of crack cocaine in December 2000 led to a second felony conviction. *Id.* ¶ 36. On July 27, 2001, while incarcerated at the Onondaga County Justice Center as a result of his first two convictions, he was found to be in possession of 4.5 grams of cocaine hidden inside of a sneaker. *Id.* ¶ 37.

On August 28, 2005, following his release from prison, Mack was arrested for resisting arrest after attempting to flee police officers seeking to stop his vehicle for playing his music too loudly. At the time of arrest, Mack was found to be in possession of $1315 cash. *Id.* ¶ 39. On October 9, 2008, he again tried to flee from police who pulled him over on an outstanding warrant. When the officers retraced the defendant's steps, they found a bag containing $20,020 and a small bag of marijuana. *Id.* ¶ 8. Approximately one month later, a search pursuant to a vehicle stop revealed that he was in possession of $4632 cash. *Id.* ¶ 9. Finally, on December 17, 2009, a search of defendant's apartment led to the discovery of "8.3 grams of crack cocaine, a digital scale, cutting agents, and baggies consistent with the processing and packaging of cocaine." *Id.* ¶ 12. Given

Mack's lack of an employment record, it is apparent that he was consistently engaged in the sale of narcotics to support himself.

This conclusion in supported by the conduct constituting Count 1 of the superseding indictment. Although not considered as relevant conduct for the purposes of sentencing, the allegations contained therein describe behavior consistent with the sustained and significant sale of narcotics. Count 1 charged Mack with conspiring to possess 500 grams or more of cocaine with the intent to distribute. This charge was based on recorded conversations with large-scale cocaine suppliers Jesus and Astrid Carmona and statements made by the Carmonas identifying defendant as one of their cocaine customers. The Carmonas estimated that, between August 2008 and April 2009, they supplied defendant with over two kilograms of cocaine. *Id.* ¶ 10.[1] This conduct establishes the similarity and regularity factors.

██ "In evaluating similarity, the pertinent inquiry is whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a course of conduct rather than isolated, unrelated events that happen only to be similar in kind." *United States v. Culverhouse,* 507 F.3d 888, 896 (5th Cir.2007) (internal quotation marks omitted). Mack's drug dealing activities occurred over a period of years in the same area, involving the same drug, which he purchased in large quantities from the same supplier. This indicates a strong presence of the similarity factor. *See United States v. Stephenson,*

---

1. There was also evidence suggesting Mack had threatened Jesus Carmona for cooperating with authorities. The Government contended that Mack was responsible for a fire set outside of Carmona's cell while the two were detained at the Oneida County Correctional Facility. Additionally, when Carmona appeared for his sentencing hearing, he had bruising on his face. He stated that he was beaten at the Broome County Correctional Facility and told: "This is for Mack." *Id.* ¶ 14. On July 3, 2011, Carmona committed suicide by hanging himself while at the Onondaga County Correctional Facility. *Id.*

557 F.3d 449, 456 (7th Cir.2009) ("In this case [defendant] sold the same drug … in the same locale … using the same one or few suppliers, continuously throughout a common time frame….").

The regularity factor is also strongly present. Defendant was regularly found to be in possession of large amounts of cash despite having no employment record. Considering the evidence, the only conclusion that can be drawn is that he was engaged in the regular sale of narcotics to support himself. *See Perdomo,* 927 F.2d at 115 (it was not error for the district court to find that previous drug sales constituted relevant conduct when the offense of conviction was part of a pattern of behavior involving drug dealing over a period of time); *United States v. Farmer,* 543 F.3d 363, 373 (7th Cir.2008) ("Where the defendant's convicted offense was merely the latest drug sale in an unbroken series of deals regularly made, that is sufficient to find the defendant's drug transactions were part of the same course of conduct as the offense of conviction.").

In sum, the conduct described in Count 2 constituted relevant conduct which was appropriately considered in the calculation of the defendant's guideline sentence. His attempt to possess cocaine with the intent to distribute in October 2008 was part of a pattern of behavior which consisted of the repeated sale of narcotics. Although the temporal lapse between that conduct and the conduct which led to his conviction on Count 3 may be too great to definitively establish the proximity factor, the similarity and regularity factors are sufficiently strong to support a finding that the October 2008 conduct was relevant conduct under the sentencing guidelines.

Accordingly, there is not a "reasonable probability" that the Mack's sentence would have been different had Attorney Parry argued that such conduct was im-

properly considered in the calculation of his sentence. *See Edwards v. United States,* 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998) (an argument that conduct could not be found to have been part of the same course of conduct could not be supported where the record showed "a series of interrelated drug transactions involving both cocaine and crack"). As such, defendant cannot show he was prejudiced and his motion for re-sentence pursuant to § 2255 will be denied.

## IV. *CERTIFICATE OF APPEALABILITY*

Mack must obtain a Certificate of Appealability in order to appeal this order. *See* 28 U.S.C. § 2253(c). In order to receive a Certificate of Appealability, he must make "a substantial showing of the denial of a constitutional right." *Id.* As he has failed to make such a showing, a Certificate of Appealability will not be issued.

## V. *CONCLUSION*

Mack was not prejudiced by Attorney Parry's failure to argue the relevant conduct issue at sentencing. As the conduct underlying Count 2 was properly considered, the defendant cannot show that he was prejudiced. A consideration of his statements to probation is not necessary to reach that determination. Accordingly, even if Attorney Parry acted unreasonably in allowing defendant to make those statements, defendant is unable to establish that the statements prejudiced him in any way. Furthermore, a clarification of any off-the-record determinations made regarding those statements is unwarranted.

Therefore, it is

ORDERED that

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED; and

2. A Certificate of Appealability will not be issued.

IT IS SO ORDERED.